IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ALBERT MARQUAVIOUSLAMAR ANDERSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:23CV111 |
| LEE. et al, | ) ) ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis* and a later Supplement to the Complaint. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The Complaint addresses exhaustion of administrative remedies largely by directing the reader to "SEE ATTACHMENT." However, the attachments to the Complaint include only a single grievance which does not appear to have been answered, much less appealed to exhaustion prior to the filing of the Complaint. It also addresses only a very small portion of Plaintiff's claims. Full exhaustion of all claims Plaintiff seeks to raise is required before Plaintiff may bring this action. See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001).

2. Plaintiff's claims are confused and unclear in many respects. For instance, the Complaint bases claims on alleged negligence, breaches of the North Carolina Constitution, and prison policy. However, claims under § 1983 must be based on allegations involving intentional violations of the United States Constitution or federal statutes, not negligence or state law or policy. It also appears that Plaintiff seeks to hold a number of Defendants liable based on their positions as supervisors, but theories of *respondeat superior* or liability

predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). The Complaint does state that some Defendants should be held liable based on policies, but it provides no details and does not identify the policies. This failing is common throughout the Complaint in that it uses flowery language to state legal conclusions, but contains no basic facts supporting those conclusions. In particular, it alleges "retaliation" against Plaintiff several times, but fails even to identify the motivation for any retaliation, much less state facts supporting a conclusion that retaliation caused any alleged actions by Defendants. The Complaint also appears to raise claims based on mere horseplay by describing it as a threat of sexual assault and based on housing classification decisions. Such situations do not ordinarily support claims under § 1983. Plaintiff must make his claims clear, set out claims based on allegations of intentional violations of his federal rights, provide the facts supporting each claim, and state in plain language how each Defendant allegedly violated his rights.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper 42 U.S.C. § 1983 forms, which corrects the defects cited above.

This, the 13th day of March, 2023.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**